944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul D. GIBBS, Plaintiff-Appellant,
v.
David TRIPPETT, et al., Defendants-Appellees.
 No. 91-1454.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1991.
 
 1
 Before RALPH B. GUY, Jr., Circuit Judge, JOHN W. PECK, Senior Circuit Judge, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Paul D. Gibbs, a pro se Michigan state prisoner, appeals the summary judgment in favor of defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, Gibbs brought suit against four officials of the Thumb Correctional Facility (Thumb) and two officials of the State Prison for Southern Michigan (SPSM), alleging that his transfer from Thumb to SPSM on July 12, 1990, violated his eighth amendment and due process rights. Specifically, he alleged that when he was previously housed at SPSM he had been attacked and stabbed four times by unknown assailants, finally resulting in his transfer to Thumb on January 11, 1990. Six months later, after being found guilty of a disciplinary infraction, Gibbs was transferred back to SPSM over his protestations, and on July 23, 1990, was stabbed a fifth time. He was subsequently transferred to a third correctional facility. He alleged that defendants were deliberately indifferent to his risk of injury in violation of the eighth amendment, and that his due process rights were violated because a policy directive required his transfer to be approved by the central office of the Bureau of Correctional Facilities. The district court granted defendants' motion for summary judgment. In a previous order, this court granted appellant's motion for pauper status on appeal. In his reply brief, Gibbs has indicated that he no longer wishes to pursue his claims against defendants Jabe and Hofbauer, the SPSM officials.
 
 
 4
 Upon review, we conclude that genuine issues of material fact remain unresolved on the record before us, and that the summary judgment for the remaining defendants must therefore be vacated. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Defendants relied on the fact that Gibbs had no named enemies at SPSM in arguing that his transfer back to that institution was permissible. This fact does not conclusively resolve the issue of whether they were deliberately indifferent to the risk of harm to Gibbs. See Roland v. Johnson, 856 F.2d 764, 769 (6th Cir.1988). Gibbs alleged that as a Mormon, he was a target of assaults by black gangs at that institution. An issue remains as to whether defendants were free to overlook his record of four stabbing attacks because he was unable to name his attackers. The record is also unclear as to whether the policy directive relied on by Gibbs in his due process claim applied to his transfer or was complied with.
 
 
 5
 The judgment for defendants Jabe and Hofbauer is affirmed. The summary judgment for the remaining defendants is vacated and this case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for Eastern District of Kentucky, sitting by designation